UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


CHARLES G. MADY,

        Plaintiff,


      v.                        Civil No. 2:05-73745
                              HON. VICTORIA A. ROBERTS
                              MAG. JUDGE STEVEN D. PEPE


COMMODITY FUTURES TRADING
COMMISSION, a/k/a CFTC; CLIFFORD
HISTED, Senior Trial Attorney for CFTC;
RODGER YOUNG, Receiver; KEVIN
HIRSCH, Receiver; YOUNG & SUSSER,
P.C.; and UNITED STATES OF AMERICA,
jointly and severally,

        Defendants.
_____/


## MOTION TO DISMISS
## FEDERAL DEFENDANTS

      Defendants Commodity Futures Trading Commission ("CFTC"), Clifford Histed, and United

States of America (the "federal defendants"), by and through their attorneys, Stephen J. Murphy,

United States Attorney for the Eastern District of Michigan, and William L. Woodard, Assistant

United States Attorney, move this Court, pursuant to Fed.R.Civ.P. 12(b)(1), (b)(2), (b)(5), and

(b)(6), for entry of an order dismissing the complaint for lack of subject matter jurisdiction, lack of

personal jurisdiction, insufficient service of process, and failure to state a claim upon which relief

can be granted.

The grounds for this motion are set forth with more specificity in the attached  supporting brief.

Respectfully submitted,

STEPHEN J. MURPHY
United States Attorney


  s/WILLIAM L. WOODARD
Assistant U.S. Attorney
211 West Fort Street, Suite 2001
Detroit, MI  48226-3211
Phone: (313) 226-9786
E-mail: william.woodard@usdoj.gov
(P27404)

Dated: March 28, 2006

OF COUNSEL:
Nancy R. Page
Assistant General Counsel
Office of the General Counsel
Commodity Futures Trading Commission
1155 21st St. NW
Washington, DC 20581

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


CHARLES G. MADY,

      Plaintiff,


      v.                            Civil No. 2:05-73745
                                   HON. VICTORIA A. ROBERTS
                                   MAG. JUDGE STEVEN D. PEPE

COMMODITY FUTURES TRADING
COMMISSION, a/k/a CFTC; CLIFFORD
HISTED, Senior Trial Attorney for CFTC;
RODGER YOUNG, Receiver; KEVIN
HIRSCH, Receiver; YOUNG & SUSSER,
P.C.; and UNITED STATES OF AMERICA,
jointly and severally,

      Defendants.
_____/


**<u>BRIEF IN SUPPORT OF
MOTION TO DISMISS
FEDERAL DEFENDANTS</u>**


<u>STATEMENT OF ISSUES AND CONTROLLING AUTHORITIES</u>

    I.     WHETHER THE COMPLAINT SHOULD BE
           DISMISSED AGAINST THE FEDERAL
           DEFENDANTS FOR LACK OF PERSONAL
           JURISDICTION AND FOR INSUFFICIENT
           SERVICE OF PROCESS?

           Fed.R.Civ.P. 4(i)
           *McMasters v. United States*, 260 F.3d 814 (7th Cir. 2001)
           *Ecclesiastical Order of the Ism of Am, Inc. v. Chasin*,
               845 F.2d 113 (6th Cir. 1988)
           *Thompson v. Internal Revenue Service*, 23 F.Supp.2d 923 (N.D.Ind 1998)

II.    WHETHER THE COMPLAINT SHOULD BE DISMISSED AGAINST THE FEDERAL DEFENDANTS BECAUSE PLAINTIFF'S CLAIMS ARE BARRED BY THE DOCTRINE OF CLAIM PRECLUSION, THE EXPRESS TERMS OF THE CONSENT JUDGMENT, AND THE *HECK v. HUMPHREY* DOCTRINE?.

*Blakely v. United States*, 276 F.3d 853 (6th Cir. 2002)
*Heck v. Humphrey*, 512 U.S. 477 (1994)

III.   WHETHER PLAINTIFF'S CLAIMS AGAINST DEFENDANT CFTC SHOULD BE DISMISSED BECAUSE THE CFTC IS NOT A PROPER PARTY TO THEM AND THEY ARE BARRED BY SOVEREIGN IMMUNITY?

*Campbell v. United* States, 496 F.Supp. 36 (E.D.Tenn.1980)
*Keller v. Central Bank of Nigeria*, 277 F.3d 811 (6th Cir. 2002)
*Berger v. Pierce*, 933 F.2d 393 (6th Cir. 1991)

IV.    WHETHER PLAINTIFF'S *BIVENS* AND RICO CLAIMS AGAINST DEFENDANT HISTED SHOULD BE DISMISSED DUE TO PROSECUTORIAL IMMUNITY, SOVEREIGN IMMUNITY, QUALIFIED IMMUNITY, AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED?

*Cooper v. Parrish*, 203 F.3d 937 (6th Cir. 2000)
*Blakely v. United States*, 276 F.3d 853 (6th Cir. 2002)
*Keller v. Central Bank of Nigeria*, 277 F.3d 811 (6th Cir. 2002)
*Saucier v. Katz*, 533 U.S. 194 (2001)
*Central Distributors of Beer, Inc. v. Conn*, 5 F.3d 181 (6th Cir. 1994)

V.     WHETHER PLAINTIFF'S CLAIMS AGAINST DEFENDANT UNITED STATES ARE BARRED BY SOVEREIGN IMMUNITY?

28 U.S.C. §§ 2675(a), 2680(h)
*Garrett v. United States*, 640 F.2d 24 (6th Cir. 1981)
*United States v. Neustadt*, 366 U.S. 696 (1961)
*Talbert v. United States*, 932 F.2d 1064 (4th Cir. 1991)

TABLE OF CONTENTS

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

I.   THE COMPLAINT SHOULD BE DISMISSED AGAINST THE
     FEDERAL DEFENDANTS FOR LACK OF PERSONAL
     JURISDICTION AND   FOR INSUFFICIENT SERVICE OF
     PROCESS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

II.  THE COMPLAINT SHOULD BE DISMISSED AGAINST THE
     FEDERAL DEFENDANTS BECAUSE PLAINTIFF'S CLAIMS
     ARE BARRED BY THE DOCTRINE OF CLAIM PRECLUSION,
     THE EXPRESS TERMS OF THE CONSENT JUDGMENT, AND
     THE *HECK v. HUMPHREY* DOCTRINE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

III. PLAINTIFF'S CLAIMS AGAINST DEFENDANT CFTC SHOULD
     BE DISMISSED BECAUSE THE CFTC IS NOT A PROPER
     PARTY TO THEM AND THEY ARE BARRED BY SOVEREIGN
     IMMUNITY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

IV   PLAINTIFF'S *BIVENS* AND RICO CLAIMS AGAINST
     DEFENDANT HISTED SHOULD BE DISMISSED DUE TO
     PROSECUTORIAL IMMUNITY, SOVEREIGN IMMUNITY,
     QUALIFIED IMMUNITY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

V.   PLAINTIFF'S CLAIMS AGAINST DEFENDANT UNITED
     STATES ARE BARRED BY SOVEREIGN IMMUNITY . . . . . . . . . . . . . . . . . 18

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

<u>INDEX OF AUTHORITIES</u>

<u>CASES</u>:

*Long v. Norris*,
929 F.2d 1111 (6th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Allgeier v. United States*,
909 F.2d 869 (6th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Altman v. Connally*,
456 F.2d 1114 (2d Cir. 1972) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Ashbrook v. Block*,
917 F.2d 918 (6th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 14

*Aviles v. Lutz*,
887 F.2d 1046 (10th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Berger v. Pierce*,
933 F.2d 393 (6th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*,
403 U.S. 388 (1971) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 11

*Blackmar v. Guerre*,
342 U.S. 512 (1952) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Blakely v. United States*,
276 F.3d 853 (6th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9, 11, 15

*Brandon v. Holt*,
469 U.S. 464 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Buckley v. Fitzsimmons*,
509 U.S. 259 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14

*Burns v. Reed*,
500 U.S. 478 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14

*Bush v. Rauch*,
38 F.3d 842 (6th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Butz v. Economou*,
    438 U.S. 478 (1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Campbell v. United States*,
    496 F.Supp. 36 (E.D.Tenn.1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Central Distributors of Beer, Inc. v. Conn*,
    5 F.3d 181 (6th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Cooper v. Parrish*,
    203 F.3d 937 (6th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Doe v. Bowles*,
    254 F.3d 617 (6th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Ecclesiastical Order of the Ism of Am, Inc. v. Chasin*,
    845 F.2d 113 (6th Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7, 15

*Fed. Deposit Ins. Corp. v. Meyer*,
    510 U.S. 471 (1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Friedman v. Estate of Presser*,
    929 F.2d 1151 (6th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Garrett v. United States*,
    640 F.2d 24 (6th Cir. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Ghandi v. Police Dep't of City of Detroit*,
    747 F.2d 338 (6th Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Harlow v. Fitzgerald*,
    457 U.S. 800 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Heck v. Humphrey*,
    512 U.S. 477 (1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Heritage Hills Fellowship v. Plouff*,
    555 F.Supp. 1290 (E.D.Mich.1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Hermansen v. Chandler*,
    211 F.3d 1269, 2000 WL 554058 (6th Cir. 2000) (table) . . . . . . . . . . . . . . . . . . . . . . 10

*Hunter v. Bryant*,
    502 U.S. 224 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 16

*Imbler v. Pachtman*,
    424 U.S. 409 (1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14

*Juide v. City of Ann Arbor*,
    839 F.Supp. 497 (E.D. Mich. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Keller v. Central Bank of Nigeria*,
    277 F.3d 811 (6th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 15

*Malley v. Briggs*,
    475 U.S. 335 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*McMasters v. United States*,
    260 F.3d 814 (7th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

*McNeil v. United States*,
    508 U.S. 106 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*McNeily v. United States*,
    6 F.3d 343 (5th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Mireles v. Waco*,
    502 U.S. 9 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Mitchell v. Forsyth*,
    472 U.S. 511 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Neague v. Cynkar*,
    258 F.3d 504 (6th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Nelson v. United States*,
    650 F.Supp. 411 (W.D.Mich.1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Nuclear Transport & Storage, Inc. v. United States*,
    890 F.2d 1348 (6th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Omni-Capital Int'l v. Rudolf Wolff & Co.*,
    484 U.S. 97 (1987)     . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Parris v. United States*,
    45 F.3d 383 (10th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Robinson v. Jones*,
    142 F.3d 905 (6th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

viii

*Rogers v. United States,*
    675 F.2d 123 (6th Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Ruhrgas AG v. Marathon Oil Co.,*
    526 U.S. 574 (1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Saucier v. Katz,*
    533 U.S. 194 (2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Schrob v. Caterson,*
    948 F.2d 1402 (3d Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Sedima, S.P.R. L. v. Imrex Co.,*
    473 U.S. 479 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Talbert v. United States,*
    932 F.2d 1064 (4th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19, 20

*Thompson v. Internal Revenue Service,*
    23 F.Supp.2d 923 (N.D.Ind.1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*United States v. Neustadt,*
    366 U.S. 696 (1961) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19, 20

*Virgili v. Gilbert,*
    272 F.3d 391 (6th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

<u>STATUTES</u>:

7 U.S.C. § 13(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

7 U.S.C. §§ 1 *et seq.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

18 U.S.C. § 1961 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 17

18 U.S.C. § 1962 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

18 U.S.C. § § 1961 *et seq.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

28 U.S.C. § 2675(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

28 U.S.C. § 2679(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

28 U.S.C. § 2679(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

28 U.S.C. § 2680(h) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

28 U.S.C. §§ 1346(b), 2671-2680 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 18

29 U.S.C. § 701 *et seq.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

42 U.S.C. § 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

OTHER AUTHORITIES:

Fed.R.Civ.P.  4(I) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

Fed.R.Civ.P. 12(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Fed.R.Civ.P. 12(b)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

Fed.R.Civ.P. 12(b)(5) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

Fed.R.Civ.P. 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

<u>STATEMENT OF FACTS</u>

This is a *pro se* civil action for money damages brought by plaintiff Charles G. Mady ("plaintiff" or "Mady") arising out of a civil enforcement action brought against him by the Commodity Futures Trading Commission ("CFTC"), an agency of the federal government, and a federal criminal prosecution brought against him by the United States of America.  Plaintiff's complaint names two federal defendants, the CFTC and Clifford Histed ("Histed"), who at all times relevant to this action was a senior trial attorney in CFTC's Division of Enforcement.  Ex. 1: Complaint, ¶¶ 2-3.  The other, non-federal defendants named in the complaint are Rodger Young, the receiver in CFTC's civil enforcement action, and the receiver's attorneys, Kevin Hirsch and Young & Susser, P.C.  Ex. 1: Complaint, ¶¶ 4-6.  Plaintiff's complaint  seeks to recover damages under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § § 1961 *et seq.* ("RICO"), *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and various state law torts.

<u>Civil Enforcement Proceedings</u>

On June 11, 2002, the CFTC filed a civil enforcement complaint against defendant Mady and two of his corporations seeking injunctive and other equitable relief, and a civil monetary penalty, for violations of the Commodity Exchange Act, as amended, 7 U.S.C. §§ 1 *et seq.*, and regulations promulgated under the Act.  Ex. 2: Civil Enforcement Complaint.  Defendant Histed was the lead trial attorney representing the CFTC throughout the civil enforcement proceedings.

The civil enforcement complaint alleged that from October 1999 until the date of its filing Mady misappropriated funds he had solicited and accepted for use in trading in commodity futures and options, and that he did so fraudulently.  The complaint alleged that Mady issued false account

statements that misrepresented the profitability of his trading, that he commingled funds of the commodity pool with his own funds, and that he committed other violations of law and CFTC regulations.  Ex. 2: Civil Enforcement Complaint, §§ 1-4.

On November 6, 2003, the civil enforcement action was resolved by entry of a consent judgment.  Ex. 3: Consent Order of Permanent Injunction.  The consent judgment concluded that Mady had violated the Commodity Exchange Act and regulations promulgated under it from May 2000 through June 2002.  Ex. 3: Consent Order, p. 5.  Specifically, the court found that Mady had commingled the property of a commodity pool he operated with property of other individuals or entities, that he failed to disclose trading losses exceeding $4 million to participants in the commodity pools he operated, and that he created and issued at least one false trading activity report. Ex. 3: Consent Order, p. 4,  ¶¶ 6-10.

The consent judgment permanently enjoined Mady from engaging in further violations of the Act, from soliciting or accepting any funds in connection with the purchase or sale of any commodity futures or options, and from engaging in the trading of any commodity futures or options on behalf of any other person or entity.  Ex. 3: Consent Order, p. 5.  It also ordered Mady to make restitution to wronged investors in the sum of over $8.2 million, plus interest, over a period of ten years.  Ex. 3: Consent Order, pp. 6-13.

The consent judgment provided that "[t]his Court shall retain jurisdiction of this cause to assure compliance with this Order and for all other purposes related to this action."  Ex. 3: Consent Order, p. 15, ¶ 9.  In the consent judgment Mady agreed that he would not "take any action or make any public statement denying, directly or indirectly, any findings of fact or conclusions of law in this Order, or creating, or tending to create, the impression that the Complaint or this Order is without

a factual basis." Ex. 3: Consent Order, p. 3, ¶ 7.  The consent judgment was signed by defendant Histed as the lead trial attorney for the CFTC, and by Mady personally as well as by his attorney. Ex. 3: Consent Order, p. 16.

<u>Criminal Proceedings</u>

On May 6, 2004, the United States issued a criminal indictment charging plaintiff with mail fraud, wire fraud, embezzlement of commodity pool funds, and operating as an unregistered commodity pool operator, between October 1999 and May 2002.  Ex. 4: Criminal Indictment.

On February 16, 2006, plaintiff entered into a Rule 11 plea agreement and pleaded guilty to a superseding information charging him with two counts of embezzling commodity pool funds in October 2001 and May 2002, in violation of 7 U.S.C. § 13(a)(1).  Ex. 5: Superseding Information; Ex. 6: Rule 11 Plea Agreement.  As part of the plea agreement plaintiff stipulated that between October 1999 and May 2002 he illegally embezzled portions of over $12 million that he had received from investors based on his representations that he would pool and trade the money in commodity futures contracts for the benefit of the investors.  R. 6: Rule 11 Plea Agreement, pp. 2-3. Plaintiff is currently awaiting sentencing.

<u>Proceedings in Present Civil Case</u>

On September 30, 2005, plaintiff initiated this suit by filing a ten-count civil complaint under RICO, *Bivens*, and various common law tort theories.  The complaint is brought against two federal defendants, the CFTC and Clifford Histed, in his capacity as a senior trial attorney in CFTC's Division of Enforcement.  Ex. 1: Complaint, ¶¶ 2-3.  The complaint is also brought against three non-federal defendants, Rodger Young, the receiver in the CFTC's civil enforcement action, and the receiver's attorneys, Kevin Hirsch and Young & Susser, P.C.  Ex. 1: Complaint, ¶¶ 4-6.

With respect to the federal defendants, the complaint alleges that during the civil enforcement proceedings Histed subverted plaintiff's efforts to return funds to his creditors by telling a potential lender that plaintiff was a liar and a fraud, and by refusing to lift a freeze order so that plaintiff could use his personal assets as collateral for a loan, Ex. 1: Complaint, ¶¶ 11-16; that the CFTC and Histed acquiesced in the receiver's alleged mismanagement of the liquidation of plaintiff's estate, ¶¶ 17-24, 38-43; that Histed undermined plaintiff's ability to comply with the restitution requirements of the consent judgment by causing him to be criminally prosecuted and likely incarcerated, ¶¶ 25-30, 33-37; that the CFTC and Histed improperly allowed the consent judgment to be used before the grand jury to indict plaintiff, in violation of the terms of the consent judgment, ¶¶ 31-32; and that Histed caused plaintiff to be successfully prosecuted so that Histed could secure private employment, ¶ 45.

Count I of the complaint asserts a RICO violation by Histed, acting in both his individual and official capacity, by "conspir[ing] to pressure Plaintiff in an unlawful manner."  Count II makes a common law tort claim of fraud and misrepresentation alleging that Histed conspired to defraud plaintiff of property through false representations or omissions.  Counts III and IV assert RICO claims against the receiver defendants.  Count V alleges that Histed breached the consent judgment by sharing information with the Department of Justice in violation of both RICO and due process of law under *Bivens*.  Count VI generally alleges that the acts and omissions of all defendants violated RICO and due process of law under *Bivens*.  Count VII is a common law tort claim of defamation by Histed and the receiver defendants.  Counts VIII and IX are common law tort claims brought against all defendants alleging intentional infliction of emotional distress and gross

negligence, respectively.   Count X is a *Bivens* claim brought against all defendants alleging deprivation of due process of law.  Ex. 1: Complaint.

On March 21, 2006, pursuant to 28 U.S.C. § 2679(d)(1), a designee of the Attorney General filed a certification that defendant Histed was acting within the scope of his employment at all times relevant to this suit, thereby causing the United States of America to be automatically substituted for Histed as the defendant to plaintiff's common law tort claims in Counts II, VII, VIII, and IX of the complaint. Ex. 7: Notice of Substitution.  On March 24, 2006, this Court entered an order acknowledging the substitution and amending the heading of the case to add the United States of America as a defendant.  Ex. 8: 03/24/06 Order.

Defendants CFTC, Histed, and United States of America now bring this motion to dismiss the complaint under Fed.R.Civ.P. 12(b)(1), (b)(2), (b)(5), and (b)(6).[1]

.                                              **ARGUMENT**

      I.      THE COMPLAINT SHOULD BE DISMISSED AGAINST THE FEDERAL DEFENDANTS FOR LACK OF PERSONAL JURISDICTION AND FOR INSUFFICIENT SERVICE OF PROCESS.

The federal defendants named in the complaint are the CFTC, a federal agency, and Clifford Histed, a former CFTC attorney who is sued in both his official and individual capacities.  Ex. 1: Complaint, ¶¶ 2-3, 47, 51-52.  On approximately January 26, 2006, plaintiff delivered a summons and copy of the complaint to the CFTC office in Chicago, Illinois.  On approximately January 28, 2006, plaintiff delivered a summons and copy of the complaint to defendant Histed at his residence in Illinois.  However, to date, plaintiff has failed to serve either the United States Attorney for the

---

[1]    On February 3, 2006, the receiver defendants, Young, Hirsch, and Young & Susser, P.C., filed a motion to dismiss the complaint, which is currently pending before the Court.

Eastern District of Michigan or the Attorney General of the United States, as required by Fed.R.Civ.P. 4(i)(1) and (2).  Due to this failure, plaintiff's complaint should be dismissed pursuant to Fed.R.Civ.P. 12(b)(2) and (b)(5) for lack of personal jurisdiction and for insufficient service of process.

"Before a federal court may exercise jurisdiction over a defendant, the procedural requirement of service of process must be satisfied." *Omni-Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).  Without personal jurisdiction, the court is "powerless to proceed to an adjudication." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999).  Actual notice of the suit is immaterial to the issue of whether proper service has been achieved. *Ecclesiastical Order of the Ism of Am, Inc. v. Chasin*, 845 F.2d 113, 116 (6th Cir. 1988); *Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991); *McMasters v. United States*, 260 F.3d 814, 817 (7th Cir. 2001). The fact that the plaintiff is proceeding *pro se* does not excuse his failure to comply with the service rules. *McMasters*, 260 F.3d at 818. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

Service of process on federal agencies and employees is governed by Fed.R.Civ.P. 4(i). Service on a federal agency or employee sued in his official capacity is effected by sending a copy of the summons and complaint by registered or certified mail to the agency or officer being sued and also serving the United States in the manner prescribed by Rule 4(i)(1).  Fed.R.Civ.P. 4(i)(2)(A). Service on a federal employee sued in his individual capacity for acts or omissions occurring in connection with the performance of duties on behalf of the United States is effected by serving the

employee in the same manner that private individuals can be served and also by serving the United States in the manner prescribed by Rule 4(i)(1).  Fed.R.Civ.P. 4(i)(2)(B).

Service on the United States requires a plaintiff to serve both the United States Attorney for the district where the action is brought and the Attorney General of the United States.  Fed.R.Civ.P. 4(i)(1)(A) and (B).  The United States Attorney may be served by hand delivery to the U.S. Attorney, an Assistant U.S. Attorney, or a designated clerical employee of the U.S. Attorney, or via registered or certified mail addressed to the civil process clerk at the office of the United States Attorney.  Fed.R.Civ.P. 4(i)(1)(A).  The Attorney General is to be served via certified or registered mail in Washington, D.C.  Fed.R.Civ.P. 4(i)(1)(B).

Where a plaintiff in an action against a federal agency or employee serves the agency or employee but fails to serve the Attorney General or United States Attorney, the complaint should be dismissed for lack of personal jurisdiction and for insufficient service of process.  *Chasin*, 845 F.2d at 116 (district court does not acquire personal jurisdiction over the defendant in a *Bivens* case unless plaintiff accomplishes personal service on the individual and also serves the United States); *McMasters*, 260 F.3d at 816-18 (FTCA action against the Government dismissed for failure to effect proper service where plaintiff served the agency and Attorney General but not the United States Attorney); *Thompson v. Internal Revenue Service*, 23 F.Supp.2d 923 (N.D.Ind.1998) (FOIA case against IRS dismissed where plaintiff served the agency but not the Attorney General or United States Attorney).

Here, because plaintiff failed to serve the United States; *i.e.*, he failed to serve either the Attorney General or the United States Attorney, his suit against defendants CFTC and Histed should be dismissed for lack of personal jurisdiction and for insufficient service of process.  *Id.*

II.   THE COMPLAINT SHOULD BE DISMISSED
AGAINST THE FEDERAL DEFENDANTS
BECAUSE PLAINTIFF'S CLAIMS ARE BARRED
BY THE DOCTRINE OF CLAIM PRECLUSION,
THE EXPRESS TERMS OF THE CONSENT
JUDGMENT, AND THE *HECK v. HUMPHREY*
DOCTRINE.

The allegations in plaintiff's complaint appear to fall into three categories.  First, plaintiff appears to raise issues challenging defendant Histed's conduct during the civil enforcement proceeding prior to the entry of the consent judgment.  Second, plaintiff appears to allege that Histed and the CFTC have violated the terms of the civil enforcement consent judgment.  Third, plaintiff appears to challenge the validity of his criminal conviction.  These three categories of claims should be dismissed for the following reasons.

A.   Claims Challenging Histed's Conduct During Civil Enforcement Proceeding.

The complaint criticizes Histed's alleged conduct during the civil enforcement proceeding prior to the entry of the consent judgment.  Specifically, it alleges that Histed subverted plaintiff's efforts to return funds to creditors by telling a potential lender that plaintiff is a liar and a fraud, and by refusing to lift a freeze order so plaintiff could use his assets as collateral for a loan to repay his creditors.  Ex. 1: Complaint, ¶¶ 11-16.  These allegations appear to assert that Histed's alleged misconduct undermined plaintiff's ability to defend himself against the CFTC's enforcement action.  Plaintiff is precluded in the present action from raising these claims by the doctrine of claim preclusion and by waiver.

Claim preclusion refers to the effect of a judgment in foreclosing litigation of a matter that was or could have been litigated in an earlier suit.  It bars a party from relitigating issues that were actually litigated in an earlier action as well as those that could have been litigated but were not.

8

*Westwood Chem. Co. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981).  A claim is precluded if (1) there is a final judgment on the merits in an earlier action; (2) there is a sufficient identity between the parties in the two suits; and (3) there is a sufficient identity of the causes of action in the two suits.  *Blakely v. United States*, 276 F.3d 853, 866 (6th Cir. 2002).

The elements of claim preclusion are met in the present case.  The civil enforcement action resulted in a consent judgment.  Ex.3: Consent Order.  A consent judgment, which has been freely negotiated by the parties and has been approved by the court, has the full effect of final judgment for purposes of claim preclusion.  *Id.*  There is sufficient identity between the parties in the civil enforcement action and the present case, and plaintiff's claims here of misconduct by Histed during the civil enforcement action essentially seek to relitigate that very cause of action.  Plaintiff is therefore barred by the doctrine of claim preclusion from litigating in the present case issues concerning the propriety of Histed's conduct during the civil enforcement action.  *See Blakely*, 276 F.3d at 867.

Plaintiff's claims criticizing Histed's handling of the civil enforcement action are also precluded by his express waiver.  In the consent judgment plaintiff, a lawyer, agreed that he would not "take any action or make any public statement denying, directly or indirectly, any findings of fact or conclusions of law in this Order, or creating, or tending to create, the impression that the Complaint or this Order is without a factual basis." Ex. 3: Consent Order, p. 3, ¶ 7.  Thus, plaintiff waived his right to do what he is attempting to do in the present case, where he is  challenging, directly or indirectly,  the veracity of the factual allegations of the civil enforcement complaint and the findings and conclusions of the consent judgment by claiming that Histed's alleged conduct undermined his ability to defend against the civil enforcement action.  Due to this waiver, plaintiff's

9

claims should be dismissed.  *Barden Detroit Casino, L.L.C. v. City of Detroit*, 59 F.Supp.2d 641, 655-56 (E.D.Mich.1999) (a release of claims is valid and enforceable as long as it is fairly and voluntarily made), *aff'd*, 230 F.3d 848 (6th Cir. 2000); *cf. Teledyne Indus., Inc. v. NLRB*, 911 F.2d 1214, 1217 (6th Cir. 1990) ("The doctrine of judicial estoppel forbids a party from taking a position inconsistent with one successfully and unequivocally asserted by the same party in a prior proceeding.").

      B.    <u>Claims that Histed and CFTC Violated the Consent Judgment</u>.

    The complaint alleges that Histed and the CFTC violated the terms of the consent judgment by: (1) acquiescing in the receiver's alleged mismanagement of the liquidation of plaintiff's estate, Ex. 1: Complaint, ¶¶ 17-24, 38-43; (2) undermining plaintiff's ability to comply with the restitution requirements of the consent judgment by bringing criminal charges against him that are likely to result in incarceration, Ex. 1: Complaint, ¶¶ 25-30, 33-37; and (3) improperly allowing the consent judgment to be used before the grand jury to indict plaintiff, Ex. 1: Complaint, ¶¶ 31-32.

    The consent judgment in the civil enforcement action expressly provides that "[t]his Court shall retain jurisdiction of this cause to assure compliance with this Order and for all other purposes related to this action."  Ex. 3: Consent Order, p. 15, ¶ 9.  Thus, any allegations of non-compliance with the consent judgment should be raised to the court in the civil enforcement action, not in a separate action such as the present one collaterally attacking the Government's alleged non-compliance with the consent judgment.

      C.    <u>Claims Challenging Plaintiff's Criminal Conviction</u>.

    The complaint also challenges the validity of plaintiff's criminal conviction, alleging that: (1) Histed and the CFTC improperly allowed the consent judgment to be used before the grand jury

to indict plaintiff, Ex. 1: Complaint, ¶¶ 31-32; and (2) Histed caused plaintiff to be prosecuted so that Histed could successfully secure private employment, Ex. 1: Complaint, ¶ 45.

The Supreme Court has held that in order to recover damages under 42 U.S.C. § 1983 for an allegedly unconstitutional conviction or imprisonment, a plaintiff must first prove that his conviction or sentence has been reversed, expunged, or declared invalid. *Heck v. Humphrey*, 512 U.S. 477, 486-88 (1994). This principle has been extended to civil actions brought under *Bivens*, RICO, and state law tort theories. *Robinson v. Jones*, 142 F.3d 905, 907 (6th Cir. 1998) (*Bivens)*; *Hermansen v. Chandler*, 211 F.3d 1269, 2000 WL 554058 (6th Cir. 2000) (table) (RICO) (copy attached as Ex. 9); and *Parris v. United States*, 45 F.3d 383, 385 (10th Cir. 1995) (state law torts). Plaintiff's claims that seek to challenge the validity of his criminal conviction should therefore be dismissed because plaintiff's conviction has not yet been set aside.[2]

III.    PLAINTIFF'S CLAIMS AGAINST DEFENDANT CFTC SHOULD BE DISMISSED BECAUSE THE CFTC IS NOT A PROPER PARTY TO THEM AND THEY ARE BARRED BY SOVEREIGN IMMUNITY.

Plaintiff has named the CFTC as a defendant in three counts of the complaint. Count VI raises *Bivens* and RICO claims against the CFTC, and Counts VIII and IX raise state law tort claims. Ex. 1: Complaint. These claims against the CFTC should be dismissed for the following reasons.

First, a federal department or agency is not subject to suit unless Congress has authorized such action in explicit language or impliedly because the department or agency is the offspring of a suable entity. *Blackmar v. Guerre*, 342 U.S. 512, 515 (1952). Congress has not explicitly or

---

[2]    It should be noted that during his criminal proceeding plaintiff unsuccessfully argued for dismissal on grounds that the government improperly used the consent judgment before the grand jury to secure an indictment. Ex. 11: 12/20/05 Report and Recommendation.

impliedly authorized suits for money damages against the CFTC.  Therefore, the CFTC is not a suable entity, and plaintiff's claims against it are not actionable.  *See Campbell v. United States*, 496 F.Supp. 36, 37 n.* (E.D.Tenn.1980) (United States Navy and FBI cannot be sued *eo nominee*).

Second, with respect to plaintiff's *Bivens* claim against the CFTC in Count VI, the Supreme Court has held that *Bivens* claims are not to be implied against federal agencies.  *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 484-86 (1994).  Thus, plaintiff's *Bivens* claim is not actionable against the CFTC.  *Id*.  Moreover, plaintiff's *Bivens* claim against the CFTC is barred by sovereign immunity.  The United States is shielded by sovereign immunity from a suit for money damages based on claim of unconstitutional conduct.  *Blakely*, 276 F.3d at 870; *Ashbrook v. Block*, 917 F.2d 918, 924 (6th Cir. 1990).  This sovereign immunity extends to federal agencies since the United States is the real party in interest.  *Ghandi v. Police Dep't of City of Detroit*, 747 F.2d 338, 342-43 (6th Cir. 1984); *Heritage Hills Fellowship v. Plouff*, 555 F.Supp. 1290, 1294 (E.D.Mich.1993). Accordingly, plaintiff's *Bivens* claim against the CFTC in Count VI should be dismissed.

Third, plaintiff's RICO claim against the CFTC in Count VI should be dismissed because RICO does not contemplate federal agencies as suable entities under its statutory scheme.  To recover under RICO, a plaintiff must show that the defendant engaged in "a pattern of racketeering activity."  18 U.S.C. § 1962.  "Racketeering activity" is defined as activity that is subject to state or federal prosecution.  18 U.S.C. § 1961(1).  Because federal agencies are not subject to state or federal criminal prosecution, they are not subject to a civil RICO claim.  *Keller v. Central Bank of Nigeria*, 277 F.3d 811, 820 (6th Cir. 2002); *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991) ; *McNeily v. United States*, 6 F.3d 343, 350 (5th Cir. 1993).  Therefore, plaintiff's RICO claim against the CFTC in Count VI should be dismissed.

Fourth, plaintiff's state law tort claims brought in Counts VIII and IX of the complaint are not actionable against federal agencies such as the CFTC.  Under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80 ("FTCA"), the United States is the only proper defendant in a state law tort suit based on the actions of a federal agency or employee.  *See* 28 U.S.C. § 2679(a).  Naming a federal agency as defendant in an FTCA suit results in a fatal lack of jurisdiction.  *Allgeier v. United States*, 909 F.2d 869, 871 (6th Cir. 1990); *Nelson v. United States*, 650 F.Supp. 411,412 (W.D.Mich.1986).  Accordingly, plaintiff's state law tort claims against the CFTC in Counts VIII and IX should be dismissed because federal agencies are not proper defendants to such claims.

IV.   PLAINTIFF'S *BIVENS* AND RICO CLAIMS AGAINST DEFENDANT HISTED SHOULD BE DISMISSED DUE TO PROSECUTORIAL IMMUNITY, SOVEREIGN IMMUNITY, QUALIFIED IMMUNITY, AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

Counts V, VI, and X of the complaint raise *Bivens* claims against defendant Histed.  Counts I, IV, V, and VI raise RICO claims against him.  Plaintiff appears to sue Histed in both his official and individual capacity.  Ex. 1: Complaint, ¶¶ 47, 51-52.  At all times relevant to the complaint, defendant Histed was employed by the federal government.  These *Bivens* and RICO claims against him should be dismissed for several reasons.

A.   Histed Shielded By Absolute Prosecutorial Immunity.

Plaintiff's *Bivens* and RICO claims against Histed are barred by absolute prosecutorial immunity.  In determining whether a government official is entitled to absolute immunity, the Supreme Court has endorsed a functional approach.  Under this approach, a court "looks to the nature of the function performed, not the identity of the actor who performed it."  *Mireles v. Waco*,

13

502 U.S. 9 (1991); *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994).  For actions performed in aid of the judicial function, agency attorneys and prosecutors are entitled to absolute immunity.  *Butz v. Economou*, 438 U.S. 478 (1978) (agency attorney); *Imbler v. Pachtman*, 424 U.S. 409 (1978) (prosecutors).

Agency attorneys and prosecutors are shielded by absolute immunity from claims for damages arising out of "advocatory" conduct; i.e., conduct that is "intimately associated with the judicial phase" of the case.  *Imbler v. Pachtman*, 424 U.S. at 430-31; *Burns v. Reed*, 500 U.S. 478, 486 (1991); *Buckley v. Fitzsimmons*, 509 U.S. 259, 269-74 (1993).  Absolute immunity does not extend to administrative duties or investigative actions that do not relate to the preparation for initiation of an action or for presentation in court.  *Id.*

"Advocatory"  conduct includes initiation of a prosecution and conduct occurring in the courtroom, but is not limited to these acts.  The duties of an agency attorney or prosecutor as advocate for the government also involves actions preliminary to the initiation of a prosecution and actions apart from the courtroom.  *Imbler*, 424 U.S. at 431, n. 33; *Burns*, 500 U.S. at 486; *Buckley*, 509 U.S. at 272-73.  Prosecutorial immunity extends not only to criminal cases, but also to civil cases.  *Cooper v. Parrish*, 203 F.3d 937, 947 (6th Cir. 2000) (absolute immunity extends to civil forfeiture proceedings); *Schrob v. Catterson*, 948 F.2d 1402, 1411-13 (3d Cir. 1991) (same).

As discussed in Argument II, *supra*, plaintiff's complaint challenges Histed's conduct and decisions during the civil enforcement proceeding, his alleged breaches of the consent judgment, and his alleged role in causing plaintiff to be criminally prosecuted.  Histed's alleged acts were all advocatory in nature, and are thus subject to the shield of absolute prosecutorial immunity.

14

Accordingly, all *Bivens* and RICO claims made against Histed in Counts I, IV-XI, and X of the complaint should be dismissed.

      **B.**    <u>Official Capacity *Bivens* and RICO Claims Against Histed Are Not Actionable</u>.

A suit against an employee of the United States in his official capacity is not a suit against the employee at all. Instead, it is a suit against the United States. *Brandon v. Holt*, 469 U.S. 464, 471 (1985). Thus, plaintiff's *Bivens* and RICO claims against Histed in his official capacity are, in effect, claims made against the United States.

The United States is shielded by sovereign immunity from *Bivens* claims. *Nuclear Transport & Storage, Inc. v. United States*, 890 F.2d 1348, 1351-52 (6th Cir. 1989); *Ashbrook v. Block*, 917 F.2d at 924. Accordingly, a federal employee sued under *Bivens* in his official capacity is also shielded by sovereign immunity. *Blakely v. United States*, 276 F.3d at 870; *Chasin*, 845 F.2d at 115-16. Thus, plaintiff's *Bivens* claims against Histed in his official capacity in Counts V, VI, and X should be dismissed because they are barred by sovereign immunity.

As previously discussed, the United States is not a suable entity under RICO because it is not subject to state or federal criminal prosecution. *Keller*, 277 F.3d at 820. Federal employees sued in their official capacities are then likewise not suable entities under RICO. Thus, plaintiff's official capacity RICO claims against Histed in Counts I, IV, V, and VI should also be dismissed.

      **C.**    <u>Qualified Immunity Shields Histed From Individual Capacity *Bivens* Claims</u>.

The doctrine of qualified immunity provides that government officials "performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

15

Qualified immunity is an immunity from suit rather than a mere defense to liability. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). It is a defense that should be resolved at the earliest possible stage of the litigation. *Saucier v. Katz*, 533 U.S. 194, 200-01 (2001). It is a doctrine that not only shields government officials who have acted properly, but also provides judicial forgiveness for those officials who have made mistakes. Qualified immunity has been crafted by the Supreme Court as an "accommodation for reasonable error." *Hunter v. Bryant*, 502 U.S. 224 (1991).

Under the doctrine of qualified immunity, officials are immune unless "the law clearly proscribed the actions" they took. *Mitchell*, 472 U.S. at 528. "[I]f officers of reasonable competence could disagree on [the] issue, immunity should be recognized." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). Qualified immunity gives "ample room for mistaken judgments" and protects "all but the plainly incompetent or those who knowingly violate the law." Id.

The test for whether the constitutional right was clearly established is not a generalized one. For a constitutional right to be clearly established, "the law must be clear in regard to the official's particular actions in the particular situation." *Long v. Norris*, 929 F.2d 1111, 1114 (6th Cir. 1991). A right is clearly established when plaintiff shows that defendant's "conduct violated a federal right so clearly established that any official in his position would have understood that he was under an affirmative duty to refrain from such conduct." *Doe v. Bowles*, 254 F.3d 617, 620 (6th Cir. 2001). Whether a right is clearly established is decided by looking to binding precedent from the Supreme Court or the Sixth Circuit, or the highest court of the state in which the alleged violation took place, or, in extraordinary circumstances, to case law from other circuits that is directly on point. *Neague v. Cynkar*, 258 F.3d 504, 507 (6th Cir. 2001); *Virgili v. Gilbert*, 272 F.3d 391, 393 (6th Cir. 2001).

16

When the defendant seeks qualified immunity, the court must resolve two distinct, sequential questions. *Saucier*, 533 U.S. at 201. First, the court must decide whether the facts, taken in the light most favorable to the party asserting the injury, show that the defendant's conduct violated a constitutional right. A negative answer to this question would end the inquiry in the defendant's favor; an affirmative answer would require the court to address the second and final issue: whether the right was clearly established. *Id.* For a right to be clearly established, the determinative inquiry "is whether it would be clear to a reasonable [defendant] that his conduct was unlawful in the situation he confronted." *Id.*

Plaintiff's *Bivens* claims against Histed do not meet either prong of the *Saucier* test. The allegations in the complaint, taken in the light most favorable to plaintiff, fail to show that Histed violated any of plaintiff's constitutional rights, much less any "clearly established" constitutional rights. Therefore, plaintiff's individual capacity *Bivens* claims against Histed in Counts IV, VI, and X are barred by qualified immunity, and should be dismissed.

D.     Complaint Fails to State Actionable RICO Claim Against Histed.

Counts I, IV, V, and VI attempt to assert RICO claims against defendant Histed. The elements of a civil RICO claim are: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *Sedima, S.P.R. L. v. Imrex Co.*, 473 U.S. 479, 496 (1985). "Racketeering activity" is defined as activity that is subject to federal or state prosecution. 18 U.S.C. § 1961(1). A civil RICO action does not require that there be a prior criminal conviction for the conduct forming the predicate act; however, the conduct used to support a civil RICO action must be indictable. *Sedima*, 473 U.S. at 481-82; *Central Distributors of Beer, Inc. v. Conn*, 5 F.3d 181, 183-84 (6th Cir. 1994).

17

Plaintiff's complaint fails to state a RICO claim upon which relief can be granted.  The complaint fails to allege a specific enterprise or acts that would constitute the necessary elements for establishing a RICO claim.  While it alleges wrongdoing by defendant Histed, it does not allege indictable wrongdoing by him.  Without allegations sufficient to establish these elements, the complaint's RICO claims against Histed in Counts I, IV, V, an VI should be dismissed for failure to state a claim upon which relief can be granted.  *See id.*

V.    PLAINTIFF'S CLAIMS AGAINST DEFENDANT UNITED STATES ARE BARRED BY SOVEREIGN IMMUNITY.

The United States is a defendant in the four counts of the complaint that allege common law tort claims.  Count II alleges fraud and misrepresentation.  Count VII alleges defamation (slander).  Count VIII alleges intentional infliction of emotional distress.   And Count IX alleges gross negligence. These claims should be dismissed because the  United States is shielded from them by sovereign immunity.

A.    <u>Plaintiff Failed to Exhaust His Administrative Remedies</u>.

Under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680 ("FTCA"), the United States has consented to be sued for certain state torts committed by federal employees subject to certain specific conditions.  One of those conditions is that prior to filing suit the claimant must present an administrative claim to the appropriate federal agency and his claim must be finally denied by that agency.  28 U.S.C. § 2675(a).  This administrative claim requirement is a jurisdictional prerequisite to maintaining a civil action against the United States for damages arising from the alleged tortious conduct of a federal officer or employee.  It cannot be waived.  *Garrett v. United States*, 640 F.2d 24 (6th Cir. 1981); *Rogers v. United States*, 675 F.2d 123 (6th Cir. 1982).

18

A complaint seeking recovery against the United States for state law tort claims should be dismissed unless it includes allegations demonstrating compliance with the administrative exhaustion requirements of 28 U.S.C. § 2675(a). *Altman v. Connally*, 456 F.2d 1114 (2d Cir. 1972). Plaintiff's complaint fails to include such allegations. Moreover, it is undisputed that plaintiff failed to file an administrative tort claim pertaining to events underlying this suit before bringing it. *See* Ex. 10: Declaration of Jean A. Webb. Therefore, plaintiff's state law tort claims in Counts II, VII, VIII, and IX should be dismissed because plaintiff failed to exhaust his administrative remedies before initiating this action. *McNeil*, 508 U.S. at 113; *Singleton v. United States*, 277 F.3d 864, 873 (6th Cir. 2002); *Juide v. City of Ann Arbor*, 839 F.Supp. 497, 506-508 (E.D. Mich. 1993).

B.     Plaintiff's Tort Claims Are Barred By 28 U.S.C. § 2680(h).

Even if plaintiff had exhausted his administrative remedies, his state law tort claims would still not be actionable against the United States. The FTCA establishes several exceptions to its waiver of sovereign immunity for state law tort claims. 28 U.S.C. § 2680(h). One exception is for "misrepresentation" or "deceit." This exception deprives the court of jurisdiction over tort claims against the United States based on a plaintiff's reliance on governmental misinformation or failure to communicate correct information. *United States v. Neustadt*, 366 U.S. 696, 705-06 (1961). It encompasses negligent as well as deliberate or fraudulent misrepresentation, and applies equally to affirmative or implied misstatements and negligent omissions. *Id.* Count II, alleging fraud and misrepresentation, is therefore barred by § 2680(h).

Another 2680(h) exception is for claims of "libel" or "slander." Claims of libel or slander against the government, such as the one made by plaintiff in Count VII, are barred by sovereign

immunity.  *Aviles v. Lutz*, 887 F.2d 1046, 1049 (10th Cir. 1989); *Talbert v. United States*, 932 F.2d 1064, 1066-67 (4th Cir. 1991).

Section 2680(h) does not create specific exceptions for the two other tort claims raised by plaintiff: intentional infliction of emotional distress (Count VIII) and gross negligence (Count IX). While § 2680(h) does not create specific exceptions for these torts, Counts VIII and IX appear to focus on plaintiff's assertions that the federal defendants victimized him through fraudulent misrepresentations and slander relative to his civil enforcement and criminal cases.  Ex. 1: Complaint, ¶¶ 74-81.  Thus, Counts VIII and IX are not freestanding tort claims, but instead "resound in the heartland" of the torts of misrepresentation and deceit, and libel and slander. Accordingly, Counts VIII and IX should be dismissed under § 2680(h).  *See Talbert*, 932 F.2d at 1066-67 (claim that plaintiff was injured by government's negligent maintenance of records barred by 2680(h) because it "resound[s] in the heartland of the tort of defamation"); *Neustadt*, 366 U.S. at 702-04 (bar of 2680(h) applies even where the misrepresentation claim is phrased as one arising out of negligence).

Respectfully submitted,

STEPHEN J. MURPHY
United States Attorney


  s/WILLIAM L. WOODARD
Assistant U.S. Attorney
211 West Fort Street, Suite 2001
Detroit, MI  48226-3211
Phone: (313) 226-9786
E-mail: william.woodard@usdoj.gov
(P27404)

Dated: March 28, 2006

20

OF COUNSEL:

Nancy R. Page
Assistant General Counsel
Office of the General Counsel
Commodity Futures Trading Commission
1155 21st St. NW
Washington, DC 20581

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 28, 2006, I electronically filed the foregoing paper with the

Clerk of the Court using the ECF system which will send notification of such filing to the following:

> Rodger D. Young
> Young & Susser, P.C.
> Attys. for Defendants Young, Hirsch,
>    and Young & Susser, P.C.
> 26200 American Drive, Suite 305
> Southfield, MI 48034
> Tele: (248) 353.8620
> E-mail: efiling@youngpc.com
> (P22652)

I further hereby certify that I have mailed by United States Postal Service the foregoing paper

to the following non-ECF participants:

> Charles G. Mady             and        Charles G. Mady
> 18028 Peninsula Way                    Register No. 32698-039
> Northville, MI 48167                   Federal Correctional Institution
>                                        P.O. Box 1000
>                                        Milan, MI 48160

>                                        s/WILLIAM L. WOODARD
>                                        Assistant United States Attorney
>                                        211 W. Fort St., Ste. 2001
>                                        Detroit, MI 48226
>                                        Phone: (313) 226-9786
>                                        E-mail: william.woodard@usdoj.gov
>                                        (P27404)

Dated: March 28, 2006