UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**CHARLES G. MADY,**

        Plaintiff(s),        **CASE NUMBER: 05-73745**
                                    **HONORABLE VICTORIA A. ROBERTS**

v.

**COMMODITY FUTURES TRADING
COMMISSION, et al.,**

        Defendant(s).
_____/

### ORDER GRANTING DEFENDANTS RODGER YOUNG, KEVIN HIRSCH AND YOUNG & SUSSER, P.C.'S MOTION TO DISMISS

This matter is before the Court on Defendants Rodger Young, Kevin Hirsch, and Young & Susser, P.C.'s (hereinafter collectively "the Young Defendants") Motion to Dismiss, pursuant to F.R.C.P. 12(b)(6). Plaintiff failed to file a response to Defendants' motion. For the reasons stated below, Defendants' motion is **GRANTED**.

In June 2002, the Commodity Futures Trading Commission ("CFTC") filed a civil action against Plaintiff Charles G. Mady for multiple violations of the Commodity Exchange Act ("CEA"), 7 U.S.C. §1, *et seq.*[1] The CFTC alleged that Plaintiff: 1) misappropriated funds solicited for use in trading commodity futures and options, issued false account statements, and misrepresented the profitability of his trading; 2) acted as a commodity pool operator without the benefit of registration and defrauded at least one

---

[1] *See Commodity Futures Trading Commission v Mady* ("*CFTC v Mady*"), U.S. Eastern District Court Case No. 02-72394.

1

commodity pool participant; and 3) commingled funds of the pool with his own funds and those of at least one other person.

In September 2002, an Order was entered in the *CFTC* action appointing Defendant Rodger Young, who was employed by Young & Susser, P.C., as a Receiver. *See* Amended Agreed Order Appointing Receiver, September 6, 2002, Case no. 02-72394.  Defendant Young was authorized to liquidate up to $12 million of Plaintiff's assets.  Defendant Hirsch was an associate at Young & Susser.  He assisted Defendant Young in his duties as a Receiver.

Over fifteen months, the Young Defendants liquidated $1,961,871.81 of Plaintiff's assets, which included several racehorses and Plaintiff's interest in certain commercial real estate.  As required by the Order appointing Defendant Young, he filed periodic reports with the Court summarizing his progress.

Plaintiff and the CFTC ultimately settled the civil action via a Consent Order entered on November 6, 2003.  The receivership was dissolved and, in the Consent Order, Plaintiff explicitly released Defendant Young from liability for any claims he may have had relative to the receivership:

> <u>Release of Receiver from Liability.</u>  Defendant [Mady], individually and on behalf of Mady Futures, Inc., releases and discharges the Receiver from any claims, demands and causes of action of any nature whatsoever, including but not limited to any claims arising out of or in any way relating to the Receiver's liquidation of Defendant [Mady's] assets, or administration of the receivership.

Complaint, Exh. A, Consent Order at ¶8.

Despite this release, Plaintiff brings this action against the Young Defendants alleging multiple violations arising from their alleged mismanagement of the liquidation

2

of his assets.  *See* Complaint, Counts III and IV (RICO violations), Count VI (RICO Acts or Omissions), Count VII (defamation of character/slander), Count VIII (intentional infliction of emotional distress), Count IX (gross negligence), and Count X (violation of due process).  Defendants contend that each of Plaintiff's claims is barred by the release included in the Consent Order.  The Court agrees.

"Under well-established law, courts construe releases consistent with general state law contract principles."  *Barden Detroit Casino, L.L.C. v City of Detroit,* 59 F.Supp. 2d 641, 659 (E.D. Mich. 1999).  The Consent Order was executed in Michigan.  Therefore, Michigan contract principles apply.

Under Michigan law, if the language used in a release is unambiguous, "the meaning of the language is a question of law, and the intent of the parties must be discerned from the words used in the instrument."  *Taggert v U.S.*, 880 F.2d 867, 870 (6th Cir. 1989)(citing *Moore v Campbell Wyant & Cannon Foundry,* 142 Mich. App. 363, 367 (1985)).

Here, there is no apparent ambiguity in the scope or intent of the release included in Plaintiff's Consent Order.  Plaintiff released Defendant Young from *any* "claims arising out of or in any way relating to the Receiver's liquidation of [Mady's] assets, or administration of the receivership."  Consent Order at ¶8.  Defendant Hirsch acted solely as an agent of Young, and Young & Susser is merely the firm through which Young executed his receivership duties.  Therefore, Defendants Hirsch and Young & Susser's participation is necessarily encompassed by the release.  And, because all of the claims alleged arise from Defendants' acts as the appointed Receiver, they are barred.

Defendants' motion to dismiss is **GRANTED**.

**IT IS SO ORDERED.**

                                                    s/Victoria A. Roberts
                                                    Victoria A. Roberts
                                                    United States District Judge

Dated:  April 10, 2006

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on April 10, 2006.

s/Linda Vertriest
Deputy Clerk

---